IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 1 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00270-BNB

REGINALD D. HODGES,

Plaintiff,

v.

DENVER SHERIFF DEPARTMENT,

Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE
AMENDED COMPLAINT

---

Plaintiff Reginald D. Hodges currently resides in Denver, Colorado. On February 16, 2006, Mr. Hodges submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. At the time Plaintiff initiated the instant action he was incarcerated at the Denver County Jail.

The Court must construe the Complaint liberally, because Mr. Hodges is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hodges will be ordered to file an Amended Complaint and to show cause.

Mr. Hodges sets forth one claim alleging that on several occasions during the two years he was held at the Denver County Jail he was assaulted by Denver County

sheriffs. He further asserts that two of the assaults resulted in permanent scars to his right ankle and leg. Plaintiff asserts that he filed grievances and has exhausted his administrative remedies. Plaintiff seeks an investigation of the jail and money damages.

Mr. Hodges may not sue Defendant Denver Sheriff's Department. The Denver Sheriff's Department is not a separate entity from the City and County of Denver and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claim asserted against the Denver Sheriff's Department must be considered as asserted against the City and County of Denver.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Hodges cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Plaintiff also must name Defendants responsible for the alleged constitutional deprivations and demonstrate how each Defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Hodges will be ordered to file an Amended Complaint that names as defendants the specific persons who allegedly violated his rights.

Further, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Plaintiff was a prisoner confined in a correctional facility at the time he filed the Complaint, and the claims raised in this action relate to prison conditions. Therefore, Plaintiff must have exhausted all the available administrative remedies. Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 335 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading

3

exhaustion of administrative remedies, Plaintiff must "either attach copies of

administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Plaintiff has failed to meet the *Steele* requirement.  In response to Question

Two, under Section "F. Administrative Relief" of his Complaint, Plaintiff states that he

has exhausted his remedies but that he can't attach the grievances he filed, because

he does not have access to a copy machine.  Even if Plaintiff is not able to provide

copies of the grievances, he may describe the grievances by stating the subject of the

grievance and how and when he exhausted this remedies, including the dates he filed

the grievance and each appeal.  Therefore,  Plaintiff will be directed to show cause why

the Complaint should not be dismissed for failure to state with specificity, or to attach

copies of administrative proceedings indicating, how he has exhausted or attempted to

exhaust his administrative remedies with respect to all the alleged facts asserted

against each named defendant in Section A. of the Complaint.  Accordingly, it is

ORDERED that Mr. Hodges shall file, **within thirty days from the date of this**

**Order**, an Amended Complaint, including an original and sufficient copies, that clarifies

how each Defendant personally participated in the asserted constitutional violation and

that shows how Plaintiff has exhausted his administrative remedies.  It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended

Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States

District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901

Nineteenth Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hodges, together with a copy of this Order, two copies of the Prisoner Complaint form.  It is

FURTHER ORDERED that Mr. Hodges submit sufficient copies of the Amended Complaint to serve each named Defendant.  It is

FURTHER ORDERED that if Mr. Hodges fails to file **within thirty days from the date of this Order** an Amended Complaint that complies, to the Court's satisfaction, with this Order the action will be dismissed without further notice.

DATED March 31, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


**CERTIFICATE OF MAILING**


Civil Action No.   06-cv-00270-BNB

Reginald D. Hodges
3432 S. Locust #C
Denver, CO 80222


      I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on____3-31-06____


GREGORY C. LANGHAM, CLERK


By:_____
               Deputy Clerk